IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| LISSA McKAY, : | |
| : | |
| Petitioner, : | |
| : | Case No.  4:05-CV-22 (HL) |
| v. : | |
| : | Crim. No. 4:99-CR-10 (HL) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

## ORDER

Before this Court is a Report and Recommendation ("R&R") (Doc. 90) from United States Magistrate Judge G. Mallon Faircloth.  In his R&R Judge Faircloth advised this Court to dismiss Petitioner's § 2255 Motion (Doc. 88).  Petitioner filed an Objection (Doc. 91) to the R&R.  The R&R and Petitioner's Objection have been thoroughly read and considered, and the Court has made de novo determinations of the portion of the R&R to which Petitioner objected.  For the reasons set forth below, the Objection is overruled, and the R&R is approved, adopted, and made the Order of the Court.

**I.   FACTS**

As the facts of this case are fully set forth in the R&R, the Court shall not repeat them here.  Instead, in the analysis section of this Order, the Court shall only detail those facts necessary to explain its reasoning.

**II.   ANALYSIS**

In her Objection Petitioner argues that because her case was pending on direct

appeal at the time the Supreme Court of the United States issued its Apprendi decision, she is entitled to have her sentence modified pursuant to an Apprendi/Blakely/Booker argument made for the first time in her § 2255 Motion years after her sentence became final. She is incorrect.

Petitioner was convicted and sentenced on September 2, 1999, for drug-related offenses. She appealed her conviction and sentence, and they were affirmed on May 14, 2001. She did not seek certiorari from the Supreme Court of the United States. Therefore, her sentence became final on August 12, 2001. See Dodd v. United States, 365 F.3d 1273, 1275 n.1 (11th Cir. 2004) (identifying the time when a conviction becomes final in the event that a prisoner fails to seek certiorari from the Supreme Court.) Therefore, her one-year AEDPA limitations period expired on August 12, 2002, which was one year after her sentence became final. 28 U.S.C.A. § 2255 (West 1994 & Supp. 2004) ("A one year period of limitation shall apply to a motion under this section.").

Petitioner filed her first § 2255 Motion on February 24, 2005, under the conjoined Apprendi/Blakely/Booker principles. As the Magistrate Judge correctly observed in his R&R, not one of these cases was made retroactive to collaterally reviewed cases. Hamm v. United States, 269 F.3d 1247,1249 (11th Cir.2001) (dealing with Apprendi); McCoy v. United States, 266 F.3d 1245,1255 (2001) (same); Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (dealing with Blakely and Booker). Thus, they could not reset Petitioner's AEDPA time frame under § 2255 if her case were being reviewed collaterally.

However, Petitioner contends that her case was on direct appeal, not collateral review, when the Apprendi case was decided on June 29, 2000. Petitioner is correct. Nevertheless, the timing of the Apprendi decision does not help her in this case, nor

does it have any application to the AEDPA limitations period here. First, Petitioner did not raise her Apprendi argument with the Eleventh Circuit while her case was on direct appeal. Second, she failed to raise the issue within a year after her conviction became final. Third, even if the Court assumes for the purposes of argument that Apprendi reset Petitioner's one-year AEDPA clock to start from June 29, 2000, she still failed to file a § 2255 Motion within a year from that date. Indeed, her § 2255 Motion under consideration here was not filed until February 24, 2005 – more than three and a half years after the limitations period. Thus, Petitioner's § 2255 Motion is time barred, and as a result, her Objection is without merit.

### III.   CONCLUSION

While Plaintiff may have had an Apprendi challenge at one time, she did not take advantage of it, thus letting the one-year AEDPA limitations period pass. Therefore, the Magistrate Judge did not err, and Petitioner's Objection (Doc. 91) is overruled. The R&R (Doc. 90) is approved, adopted, and made the Order of the Court. Petitioner's § 2255 Motion (Doc. 88) is dismissed.

**SO ORDERED,** this the 16th day of August, 2005.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

jmb